UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

POLLIANA W. TSOI,

    Plaintiff,

v.

EPISCOPAL COMMUNITY SERVICES OF SAN FRANCISCO,

    Defendant.

Case No. 14-cv-02333-RS

**ORDER DENYING LEAVE TO FILE "AMENDMENT TO COMPLAINT"**

The Clerk's office has received from plaintiff a document entitled "Amendment to Plaintiff's Complaint." Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff must seek leave of court to amend her complaint. Although plaintiff has failed to file a motion seeking leave to amend, [1] her submission will be treated as such a motion, in light of her *pro se* status. Leave to amend will be denied.

Plaintiff's proposed amendment would add as defendants to this action (1) an individual alleged to be the Executive Director of the existing defendant Episcopal Community Services ("ECS"), (2) an attorney of record for ECS, and (3) Magistrate Judge James. Plaintiff alleges that the proposed defendants, acting in conspiracy, arranged for a court employee to fill out the initial subpoena for ECS with an incorrect address. The address entered on the subpoena is that of a

---

[1] See Civil Local Rule 7-1(a) ("Any written request to the Court for an order must be presented by one of the following means . . . . ")

particular shelter operated by ECS, rather than that of its administrative offices, which plaintiff had listed in the complaint.  Plaintiff's theory is that by directing the complaint to a place where it likely would come to the attention of ECF's executive director, ECF's counsel could then file a motion to dismiss based on "insufficient service of process."  Plaintiff alleges that Judge James would then have immediately granted the motion without holding a hearing, and that plaintiff would have then been unable to re-file due to the expiration of the statute of limitations.

These fanciful allegations of a conspiracy are supported by no plausible allegations of fact and are manifestly frivolous.  Even if the complaint had been served to an incorrect address at the outset, there is no reason to believe that would have resulted in its dismissal, rather than, at most, quashing of service.  *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.")  Accordingly, even had there been a challenge to service, it would not have resulted in expiration of the statute of limitations.  Furthermore, of course, in actuality there was no challenge to service.

Plaintiff's alleged claims against the proposed new defendants are wholly untenable.  The amendment would therefore be futile.  Leave to amend is denied.

**IT IS SO ORDERED**.

Dated: September 14, 2015

_____
RICHARD SEEBORG
United States District Judge

CASE NO. 14-cv-02333-RS

2