UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLLIANA W. TSOI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EPISCOPAL COMMUNITY SERVICES OF SAN FRANCISCO,<br><br>　　　　　Defendant. | Case No. 14-cv-02333-RS<br><br>**ORDER DENYING MOTION TO DISQUALIFY AND CONTINUING HEARING ON ORDER TO SHOW CAUSE** |

　　　　Pursuant to Civil Local Rule 7-1(b), plaintiff's motion to disqualify the undersigned is suitable for disposition without oral argument and the hearing set for October 29, 2015 is vacated. A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly, Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," id. § 455(b)(1).

　　　　A judge finding a Section 144 motion timely and the affidavits legally sufficient must proceed no further, and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the

judge at whom the motion is directed may determine the matter. *See id*. at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under Sections 144 and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under Section 144 will raise a question concerning recusal under Sections 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

The grounds plaintiff advances for recusal here are that she has filed a lawsuit naming as defendants, among others, President Obama and the undersigned. See Case No. 15-3720. As the complaint is facially frivolous, the lawsuit does not present grounds meriting recusal. A judge is not disqualified merely by a litigant's suit or threatened suit against him. *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977). "Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) (*rev'd on other grounds*, *Hoover v. Ronwin*, 466 U.S. 558, 566 n.14 (1984)). Plaintiff's lawsuit naming the undersigned, or naming the president who appointed the undersigned, does not raise concerns of bias or prejudice under either Section 144 or Section 455. Her motion is, therefore, denied.

Plaintiff's request for a continuance of hearing on the order to show cause presently set for October 1, 2015 is granted. The hearing shall be held on November 5, 2015, at 1:30 p.m. in Courtroom 3, Seventh Floor.

**IT IS SO ORDERED**.

Dated: September 25, 2015

RICHARD SEEBORG
United States District Judge